

# The Attorney General of Texas

May 5, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
H    in, TX. 77002
7    8-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Truett Latimer
Executive Secretary
Texas Antiquities Committee
Box 12276, Capitol Station
Austin, Texas 78711

Opinion No. H- 1162

Re: Validity of proposed rules of the Texas Antiquities Committee which would require underwater cultural resource survey guidelines.

Dear Mr. Latimer:

You have requested our opinion regarding the validity of proposed rules of the Texas Antiquities Committee which would require underwater cultural resource survey guidelines.

Title 9 of the Natural Resources Code created the Antiquities Committee and declares that

> [i] t is the public policy and in the public interest of the State of Texas to locate, protect, and preserve all sites, objects, buildings, pre-twentieth century ship-wrecks, and locations of historical, archeological, educational, or scientific interest, including but not limited to . . . sunken or abandoned ships and wrecks of the sea or any part of their contents . . . in, on, or under any of the land in the State of Texas, including the tidelands, submerged land, and the bed of the sea within the jurisdiction of the State of Texas.

Section 191.002, Natural Resources Code. The Committee is directed, inter alia, to

> protect and preserve the archeological resources of Texas.

Section 191.051(b)(5). "State archeological landmarks" include

> [s] unken or abandoned pre-twentieth century ships and wrecks of the sea, and any part or the contents of them, . . . located in, on, or under the surface of land belonging to the State of Texas, including its tidelands, submerged land, and the beds of its rivers and the sea within jurisdiction of the State of Texas . . . .

Section 191.091. Section 191.093 declares that

> [l] andmarks under Section 191.091 of this code are the sole property of the State of Texas and may not be taken, altered, damaged, destroyed, salvaged, or excavated without a contract with or permit from the committee.

The Committee is empowered to "promulgate rules and require contract or permit conditions to reasonably effect the purposes of this chapter." Section 191.052. Pursuant to this authority, the Committee proposes to require, in certain designated "areas of primary concern," that

> any individual, agency, or company wishing to undertake construction which will disturb the bottom and thereby represents a threat to cultural resources . . . undertake a survey as defined . . . .

The purpose of such a survey

> is to locate and avoid anomalies which may represent cultural resources eligible for inclusion in the National Register and/or which constitute state archeological landmarks.

On the basis of the rule-making authority granted the Committee in section 191.052 and its responsibility for protecting and preserving pre-twentieth century shipwrecks, we believe that the Committee may require persons working in the area of a known shipwreck to take action to avoid damaging it. We also believe the Committee may require similar action of persons working in an area where there is a likelihood that a pre-twentieth century shipwreck occurred. Any such regulations must be reasonable in light of the costs they impose on individuals and the protection they extend to historical resources. Whether or not particular regulations are reasonable will thus depend on the facts. See Le Cuno Oil Company v. Smith, 306 S.W.2d 190, 195 (Tex. Civ. App. — Texarkana 1957, writ ref'd n.r.e.), cert. denied 356 U.S. 974 (1958), Waschak v. Moffat, 96 A.2d 163, 166 (Pa. Super. Ct. 1953).

Since we cannot investigate and resolve fact questions in the opinion process, see Attorney General Opinion H-620 (1975), we cannot establish the limits of your rule-making powers. However, based on facts supplied in briefs, we believe the regulations are unreasonable because they will require substantial expenditures for surveys in areas with little evidence of pre-twentieth century wrecks. The "areas of primary concern" in which a survey is required embrace

> those tracts which lie within the bays in waters where warranted due to sufficient traffic in early times, the offshore tracts which lie within the 30-foot depth line, and the offshore tracts which lie at the mouths of harbors and bays.

The areas encompassed by this description represent a significant portion of the Texas coast. The Committee has not supplied any evidence as to the probability of discovering a pre-twentieth century shipwreck at any particular site within these areas. We do not believe that a standard based upon "sufficient traffic in early times" offers a valid criterion for requiring prospective drillers to undertake costly surveys over vast areas of sea bottom. In our opinion, there is not a sufficient nexus between the Committee's designation of "areas of primary concern" and those areas which are believed with some reasonable degree of probability to contain state archeological landmarks. It is only over the latter areas that the Committee's rule-making authority extends.

In conclusion, it is our view that the Antiquities Committee is empowered to make rules which impose reasonable restrictions on drillers working in any area where there is a likelihood that a pre-twentieth century shipwreck has occurred. In those areas, we cannot say that the Committee lacks authority to require surveys whose purpose is to locate state archeological landmarks. As presently written, however, the Committee's proposed rules are overbroad in the manner we have indicated.

## S U M M A R Y

> The rule-making authority of the Texas Antiquities Committee is limited to areas in which there is a likelihood that a state archeological landmark is present. Within those areas, the Committee has authority to require surveys whose purpose is to locate state archeological landmarks.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst